(Decided Oct. 9th, 1863.)

BENJAMIN C. BARROLL, ADM'R d. b. n., c. t. a. OF GEORGE PETERS vs. JAMES PETERS, et al.

PRACTICE IN ORPHANS' COURT.—Where a bill or petition is filed in the Orphans' Court, whether the parties are cited to appear or not, if in point of fact they do appear and answer, the proceedings are plenary. On such plenary proceedings all the depositions shall be taken in writing and recorded, and the Orphans' Court shall give judgment or decree upon bill and answer, or upon bill, answer and depositions, or the finding of a jury.

If a case is submitted in the Orphans' Court on bill, answer and exhibit, the matters set out in the answer should be assumed to be true, and if suffi--

cient, when proved, to authorize such action, should be held to bar the further proceedings of the Court.

APPEAL from the Orphans' Court of Baltimore City :

This is an appeal from an order of the Orphans' Court of Baltimore City, passed on the 12th of August 1862. The case is stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Benjamin C. Barroll,* for the appellant, argued :

1st. That the Orphans' Court had no jurisdiction to pass the order of the 12th of August 1862.

2nd. That the devisees in trust having renounced the trust and refused to act under the will, it was impossible for the administrator to pass a final account.

3rd. The jurisdiction over the estate having been assumed by the Equity Court, the Orphans Court had no rightful authority to pass the order in question.

In support of these positions, the following authorities were cited: *Boyd & Hance vs. Harris,* 1 *Md. Ch. Dec.,* 469, 470. *Conner vs. Ogle,* 4 *Id.,* 426, 448. *Barnes vs. Compton,* 8 *Gill,* 399, 1 *Sto. Eq. Ch.,* 9, sec. 502. *Bennerman vs. Weaver, et al.,* 8 *Md. Rep,* 517. Code, Art. 5, sec. 42.

*A. H. Hobbs,* for the appellees, contended :

1st. That it being proved that the administrator, B. C. Barroll, had in his hand, *in cash,* on the 21st day of November 1861, the sum of $370 due the estate of George Peters which he still retains, and that Sally Peters, *during whose life the estate was to be kept together,* died in June 1861, the office of administrator became *functus officio,* and consequently his final account ought to have been passed, and the money in his charge and keeping delivered to the trustees, Reiman and Warfield. The administrator had

performed his mission, completed the work assigned him by the will, and was no longer clothed with authority to do any act except to prepare for and pass his *final account* and close the administration.   *Reiman & Peters vs. Peters & Wife*, 2 *Md. Rep.*, 104.

2nd.  The rule as to the effect of the *general replication* is the same in the Orphans' Court and in equity.   *Mickle vs. Cross*, 10 *Md. Rep.*, 360.   In this case the answer was filed on the 7th day of August 1862, and the replication was filed on the 8th day of that month.   The practice of filing the replication and the effect thereof was fully recognized in the late case of *Cecil vs. Harrington, et al.*, 19 *Md. Rep.*, 72.

3rd.  Believing that this Court will affirm the order of the Orphans' Court in the premises, it is submitted the *costs* of the suit ought to be borne *exclusively* by the defendants, and not by the estate; the order and decision of the Orphans' Court were abundantly sufficient to protect the administrator, and all further litigation would impose unnecessary and burthensome costs on the estate, without any corresponding benefit.   *Dorsey's Ex'r vs. Brent & Dorsey*, 10 *Md. Rep.*, 476, 477.   *Reiman & Peters vs. Peters & Wife*, 2 *Md. Rep.*, 108.

BOWIE, C. J., delivered the opinion of this Court :

The appellees filed their petition on the 23d of July 1862, in the Orphans' Court of Baltimore City, charging, "that it appears by the last account passed in your honorable Court, by B. C. Barroll, administrator of George Peters, deceased, there is a cash balance of about $370 in the hands of the administrator, due the estate of said deceased; that Sally Peters, widow of said George Peters, departed this life in the month of June 1861, and that there is no valid reason why the estate should not be closed and settled."   Wherefore they prayed that the administrator pass a final account and settle the estate without delay, and that the usual subpœna be issued against the appellant as administrator d. b. n.

The petition was amended by the appellees on the 4th of August ensuing, stating "that heretofore they exhibited their original petition in this Court, but omitted to charge therein that the said James Peters was the son of George Peters, deceased, and interested in the final settlement of the estate of said deceased." Wherefore they pray that the administrator B. C. Barroll, may answer.

The appellant on the 7th of August instant, appeared and filed his answer admitting the passage of his 7th account in which he is charged with $33,194.04, consisting almost entirely of leasehold and fee-simple estate, also admitting the death of Sally Peters, but alleging that the will of George Peters devises *all* his property to H. Rieman and L. Warfield, in trust for the purposes therein mentioned; that the devisees in trust have renounced the trust and refused to act or take the property devised to them, and proceedings are now pending in the Circuit Court of Baltimore City for the appointment of trustees to fill the places of the devisees in trust; and until such appointment, there is no one with whom the administrator can finally account and close up the estate in the Orphans' Court. That the petitioners had filed a bill in said Circuit Court as a Court Equity, against the appellants and others, charging that of it was necessary for carrying out the intention of the testator and proper administration of the estate, that the whole should be administered in that honorable Court, and it was impracticable to have the same done in any other way or in any other than a Court of Equity. That the bill prayed a decree for an account against the appellant as administrator d. b. n. of George Peters, and that he might bring the estate into that Court to be administered under the direction thereof, &c.; and that the appellant had answered said bill, and was waiting to account as soon as a decree for that purpose may be passed. That a bill had also been filed in the Circuit Court of the United States for the final settlement and adjudication of the estate of said George Peters, to which the appellant had been made a party, and

answered the same, as appeared by copy of said bill and answer, filed as a part of appellant's answer. The appellant submitted that the final accounting of his administration must necessarily and legally be with the Chancery Court, &c.

To this answer the appellees, on the 8th of August, filed an order "to enter a general replication." Afterwards, on the same day, they filed a copy of "George Peters' 6th administration account," or the sixth account of Benjamin C. Barroll acting administrator d. b. n. with the will annexed, of George Peters deceased, by which it appears the balance in cash in the appellant's hands was $370.04, the amount charged in the original petition. On the 12th of the same month, the Orphans' Court passed the following decree:

"In the matter of the estate of George Peters, deceased. The Court having read and considered the petition of James Peters and J. N. Peters his wife, filed the 23d of July last, together with their amended petition filed the 4th instant, as also the answer and exhibits subsequently filed in said premises, orders and decrees this 12th day of August 1862, that Benjamin C. Barroll the administrator of said George Peters, deceased, personally appear before this Court on the 19th day of the present month, and return another and final account of his administration of the estate of the said deceased, without fail." From which order and decree this appeal is taken.

This is the second appeal taken to this Court, involving the final settlement of the estate of George Peters. The first was upon appeal of Reiman and Peters, executors of George Peters, from a decree passed on petition of the present appellees, requiring them to make a final settlement. In the opinion of this Court, passed on the former appeal, *2d Md. Rep.*, 108 to 111, will be found the law as to the duration of the powers of the executors.

"By express terms they are to keep the estate together till after the widow's death, for the purpose of being able to pay

over to her the annual allowance appropriated to her in the will.   These acts are to be performed by them in the capacity of executors.  The trustees' powers over the estate only commence after the executors shall have discharged their duties in respect to the proceeds of the estate, which shall first pass through their hands, and after the residue shall have been handed over to said trustees.''

The executors having resigned or died, the appellant was appointed administrator d. b. n., c. t. a., and succeeding to their rights and obligations, he is required by this judicial interpretation of the will to hand over the residue of the estate in his hands to the trustees, whose duty it is made by the will to distribute the same.

The appellant contends: 1st. That the Orphans' Court had no jurisdiction, the same having been assumed by a Court of Equity, competent to adjudicate all the matters in controversy in a suit then pending between the same parties. 2dly. If the Court possessed the jurisdiction, there was a valid reason why the administrator should not be required to pass a final account, viz: there was no one in being with whom he could account.

The appellees on the other hand insist, ''that it being proved that the administrator B. C. Barroll had in his hands in cash, on the 21st day of November 1861, the sum of $370 due the estate of George Peters which he still retains, and that Sally Peters, *during whose life* the estate was to be kept together, died in June 1861, the office of administrator became *functus officio*, and consequently his final account ought to have been passed and the money in his charge and keeping delivered to the trustees Reiman and Warfield. 2d. That the allegation of the answer being put in issue by the order to enter the replication, there was no evidence in support of the facts relied upon by the appellant in his defence, and therefore the decree below should be affirmed.

To ascertain what was proved in this case it will be necessary to decide whether the proceeding was summary

or plenary, and if plenary, whether the case was submitted at all. In *Pegg, et al., vs. Warford*, 4 *Md. Rep.*, 385, it was held: "Whenever a bill or petition is filed in the Orphans' Court, whether or not the parties are cited to appear, if in point of fact they do appear and answer, the proceedings are plenary." On such plenary proceedings all the depositions shall be taken in writing and recorded. 1798, ch. 101, sub-ch. 15, sec. 17, * * * * "And the Orphans' Court shall give judgment or decree upon the bill and answer, or upon bill, answer and depositions, or finding of a jury."

The petition in this case having required the administrator d. b. n. to appear and answer, and he having in fact appeared and answered, it comes within the class of cases described as plenary proceedings in the testamentary laws and the decision last cited. If there was no submission upon bill and answer because a general replication was ordered to be filed, the Court below acted improvidently. The Court could not act upon bill, answers and exhibits, without a submission or consent of the parties. No depositions or finding of a jury were taken or had in the case. There was nothing then before the Court to decide upon. The Orphans' Court evidently acted on the presumption that the case was submitted. The filing of the exhibit by the petitioner on the same day after the order to enter the general replication, might have been construed as a waiver of further proof and an implied submission. The decree was passed four days after the filing of the replication and the petitioner's exhibit. It would be too much to assume from so equivocal an act, that the parties meant to go to trial without evidence. If the case was submitted on bill, answer and exhibits, as seems to have been understood by the Court, the matters set out in the answer should have been assumed to be true, and were sufficient, in our opinion, if proved, to bar the further proceedings of the Court. In either aspect we think the order below should be reversed and the cause remanded for further proceedings.

If, as intimated in the argument, the appellant will necessarily be subjected to great cost in procuring the evidence to maintain the averments of his answer, the same being proved, it will be competent for and the duty of the Orphans' Court to allow out of any assets in the hands of the appellant the costs and charges incurred in his defence, the suit being instituted against him as administrator d. b. n. with the will annexed by one of the *cestui que trusts* claiming the fund.

*Judgment reversed and cause remanded.*

(Decided Oct. 9th, 1863.)