(Decided 19th January, 1870.)

ALEXANDER ARMSTRONG *vs.* THE MAYOR AND
COUNCIL OF HAGERSTOWN.

*Practice in the Court of Appeals — Amendment
of the Record.*

Where it appears upon the face of the record, that the judgment from which the appeal is taken, was rendered without authority of law, the Court below not having jurisdiction, the error is open to inquiry in the

appellate Court, and the judgment will be reversed, and a judgment of *non pros.* entered.

The record of a case in the appellate Court, cannot, by agreement of counsel, be amended by changing the amount for which the judgment below was rendered, so as to make it appear that the judgment was within the jurisdiction of the Court.

APPEAL from the Circuit Court for Washington County.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, GRASON, MILLER and ROBINSON, J.

*Albert Ritchie, Thomas Rowland* and *John Thomson Mason,* for the appellant.

*A. K. Syester,* for the appellees.

MILLER, J., delivered the opinion of the Court.

This was an action of *assumpsit* by the appellees against the appellant to recover city taxes levied on certain bank-stock and other personal property of the latter. The case was submitted to the Court below upon an agreed statement of facts, in which it was admitted that the property upon which the appellant insisted the corporate authorities of Hagerstown had no right to impose a tax, amounted, in bank-stock, to $7,910, and in personal securities, to $200; that the tax levied was sixty cents on the hundred dollars, and that if the Court should be of opinion the bank-stock was liable to taxation for municipal purposes, a judgment should be entered against the appellant for $47.46, and if of the same opinion as to the personal securities, a judgment for $1.20 for that also should be given, and, by the agreement, each party reserved the right of appeal to this Court. The Court decided that both were liable to taxation, and in accordance with the agreement, entered up judgment for $48.66, the amount of the two sums agreed upon. From this judgment an appeal has been taken. It is not denied that, as the

amount recovered in this form of action does not exceed fifty dollars, the Court below had no jurisdiction to render this judgment. It, therefore, appears upon the face of this record that a judgment has been entered which the Court had by law no authority to render, and an error of this character going to the jurisdiction of the Court to enter up the particular judgment, is open in this Court on appeal or writ of error. *Watkins vs. State,* 14 *Md.,* 412; *Webster vs. Cockey,* 9 *Gill,* 92. It is not a case to which the provisions of the Code, Art. 5, sec. 12 apply. The only action which this Court can take, is to reverse the judgment as unwarrantably pronounced by the Court below in the assumption of a jurisdiction which has been conferred upon justices of the peace, and enter here a judgment of *non pros.,* which ought to have been the judgment of that Court.

But it has been proposed and insisted that the record can be amended by agreement, so as to make the amount of the judgment over $50, and that the agreement of facts may also be in this way amended so as to support such a judgment. There is no doubt a record may be amended by agreement in this Court, in any particular which could be reached and accomplished by a writ of diminution; but an entirely new case and new judgment cannot, by agreement, be made up here for the purpose of giving this Court jurisdiction to review the questions of law decided by the Court below. It is conceded the judgment and agreement of facts on which it was rendered, are correctly stated in the record before us; and that a writ of diminution, which would command the clerk to send up a full, true and perfect record of the proceedings of the inferior Court in *this case* would result in sending back to us the same record. Under this writ, a new case could not be made in the Court below, and the clerk would not obey its command if he sent up such new case, for he must look to what *has been* done in the case, and not to what may be done by the parties or the Court after the writ is issued. If an amendment of this character could be allowed, parties might

as well be permitted to make up judgments for themselves
without the intervention of the inferior Courts, and obtain
the judgment of this Court upon any moot questions of law
they may wish to present. We cannot allow this to be done.

> *Judgment reversed and*
> *judgment of non pros.*

(Decided 21st January, 1870.)