(Decided 2d June, 1870.)

---

CHARLOTTE E. CANNON, Administratrix of CHARLES K. CANNON, vs. GEORGE A. CROOK and Wife.

*Summary Proceedings — Plenary Proceedings — Practice in the Orphans' Court — Proceedings by an Administratrix under Article 93, section 238, of the Code — Incompetency of a Witness under the Act of 1868, chapter 116 — Depositions of witnesses in the Orphans' Court of Baltimore City.*

There is a clear distinction between summary proceeding under section 40, Article 5, of the Code of Public General Laws, and plenary proceedings under sections 249 and 250 of Article 93.   The test of plenary proceedings, is whether a petition or bill is filed, and the parties against whom it is filed, appear and answer.   Summary proceedings are without bill or petition and answer; and in such the Court is authorized and sometimes required to hear testimony, and such testimony is to be taken orally, and on immediate notification by a party of an intention to appeal from the decree, order, decision or judgment, the testimony is to be reduced to writing, under the direction of the Court, from its own notes or such memoranda as it may elect; or in case the testimony may not be recollected by the Court, and it have no other means of stating it correctly, the witness or witnesses may be re-called for the purpose of refreshing the recollection of the Court.

In no case under section 40, Article 5 of the Code, can testimony be taken orally in open Court, the witnesses discharged, and after judgment, recalled, re-examined, and the testimony then reduced to writing as an original proceeding.

Cannon, Administratrix, *vs.* Crook and Wife.

On a petition by an administratrix under section 238, Article 93, of the Code of Public General Laws, alleging concealment of the property of her intestate, the proceedings are plenary and must be conducted in the manner prescribed by sections 249 and 250 of the same Article.

And in the same proceeding a defendant is not competent under the Act of 1868, ch. 116, to testify to any matter of contract between the defendants, or either of them, and the intestate.

Under section 182, Article 4, " City of Baltimore," (Act of 1867, ch. 373, sec. 3,) authorizing the Orphans' Court of Baltimore City, to appoint a stenographer for that Court, the depositions of witnesses taken without the aid of the stenographer, are not required to be signed by the deponents.

APPEAL from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MAULSBY and ALVEY, J.

*R. W. Applegarth* and *James Frame*, for the appellant.

*John H. Ing*, for the appellee.

MAULSBY, J., delivered the opinion of the Court.

In this case a petition was filed by the appellant in the Orphans' Court of Baltimore city, charging that the appellees had concealed certain household furniture, effects, &c., of Charles K. Cannon, deceased, and had refused to deliver the same to her, his administratrix, and praying for relief, and that a citation might issue against the appellees, commanding them to appear and answer under oath.

They appeared and answered, denying all concealment of property belonging to the intestate. Testimony was taken orally, and the Court rendered a judgment dismissing the petition. Thereupon the appellant filed a prayer of appeal, and requested that the testimony of the witnesses examined be reduced to writing. After the judgment and appeal prayed, witnesses were called, sworn and their testimony taken in open

Court, and reduced to writing. Though not expressly stated, it yet appears from the record that the witnesses, so called and sworn, were the same witnesses who had been examined orally before rendition of the judgment. The Court, on the last examination, refused to permit questions to be asked and exceptions to be noted, because the same questions had not been put, and exceptions taken, on the former oral examination. The petition was filed under section 238, of Article 93, of the Code of Public General Laws.

These proceedings appear to have been regarded in the Court below as summary, and to have been so conducted. This was erroneous. In *Pegg, et al. vs. Warford*, 4 *Md.*, 385, re-affirmed in *Peters' Adm'r vs. Peters*, 20 *Md.*, 172, it is said, "whenever a bill or petition is filed in the Orphans' Court, whether or not the parties are cited to appear, if, in point of fact, they do appear and answer, the proceedings are plenary."

The distinction between summary proceedings, under section 40, of Article 5, of the Code, and plenary proceedings, under sections 249, 250, of Article 93, is clear. The test of plenary proceedings is whether a petition or bill is filed, and the parties against whom it is filed appear and answer. Summary, are proceedings in the Orphans' Court without bill or petition and answer, as in the matter of an account or claim against the estate of a testator or intestate presented for passage, and like matters. In such matters the Court is authorized, and sometimes required, to hear testimony, and such testimony is to be taken orally, and, on immediate notification by a party of an intention to appeal from the decree, order, judgment or decision, the testimony is to be reduced to writing, under the direction of the Court, from its own notes, or such memoranda as it may elect; or in case the testimony may not be recollected by the Court, and it have no other means of stating it correctly, the witness, or witnesses, may be re-called for the purpose of refreshing the recollection of the Court. In other words, the testimony is to be reduced to writing in the same manner in which a Court of Law is authorized and required

to state in a bill of exceptions, testimony produced before it. Whatever cost, if any, may be incurred in the course of reducing to writing the testimony, shall be borne, in the first instance, by the party at whose request it may be done.

But in no case can it be permissible that testimony shall be taken orally in open Court, the witnesses discharged, and after judgment, re-called, re-examined and the testimony then reduced to writing, as an original proceeding. The 40th section of Article 5, does not contemplate or authorize such a proceeding. It is unknown to any practice of any Court.

In this case the proceedings were plenary, and ought to have been conducted in the manner prescribed by sections 249, 250, of Article 93, of the Code. The depositions ought to have been taken in writing and recorded, and either party had a right to require an issue, or issues, to be directed to a Court of Law. All the proceedings in the Orphans' Court subsequent to the filing of the answers were erroneous, and the judgment must be reversed and cause remanded, in order that they may be conducted according to law. The proof in the record is not properly before this Court, and no judgment or decree can be founded on it. If it were, whilst we would be inclined to the opinion that the appellant was entitled to relief, it would be difficult, if not impossible, to measure the relief to which she would be entitled, because of the indefinite character of the proof. A party claiming relief must sustain his claim by proof sufficiently clear and distinct to enable the Court to adjudge with certainty, and the Court must not be left to vagueness and uncertainty.

Both parties will have opportunities, on another trial, to produce such proof as they may think proper, and if neither shall prefer to submit the questions in dispute to a jury on issues to be framed, and this Court may be called on to review another judgment or decree of the Orphans' Court, the proof must come within the principle stated.

It appears from the record that one of the defendants was permitted to testify in behalf of the defendants, and, as the

same error might occur on another trial, it is proper to say that she is not competent to testify to any matter of contract between the defendants, or either of them, and the appellant's intestate. The construction by this Court of the Act of 1864, which, in this respect is applicable to the Act of 1868, will be found in *Cooke vs. Cooke*, 27 *Md.*, 550, 551.

Section 182, Article 4, "City of Baltimore," contained in Supplement to the Maryland Code, 1861 to 1867, is relied on by the counsel of the appellees to sustain a motion to dismiss the appeal, on the ground that the depositions of the witnesses were not signed by them. The only effect of the section referred to is to authorize the Orphans' Court of Baltimore city to appoint a stenographer, and to require his attendance and services in taking down the testimony, when required, and in that case the depositions, after being written out by the stenographer, are to be signed by the deponents; but it does not affect in any way the power and duty of the Court to cause the depositions to be taken in writing by any other instrumentality authorized by law. It provides but an additional instrument for taking in writing depositions, and not an exclusive instrumentality.

The judgment of the Orphans' Court will be reversed, with costs of this Court to the appellant, and the cause remanded, in order that further proceedings may be taken in the Orphans' Court, in conformity to the opinion of this Court.

*Judgment reversed*
*and cause remanded.*

(Decided 2d June, 1870.)