BENJAMIN F.. BOWLING, MARY E. BOWLING, and
GEORGE F. ADAMS, Adm'rs *vs.* THOMAS B. ESTEP,
Committee of ANN M. ESTEP.

*Summary proceeding in the Orphans' Court—Appeal dismissed
for non-compliance with Art. 5, sec. 40, of the Code of
Public General Laws, relating to the reduction of Evidence
to writing in Summary proceedings.*

An exception was filed in the Orphans' Court to a claim proved, and
passed by the Court, and paid by administrators, and for which
credit was claimed in their administration account. The except-
ant prayed that the justice and validity of said claim might be
inquired into, according to the course of the Court, or that issues
might be framed and sent to a Court for trial. Service was
admitted by the administrators, and the case was tried before the
Court upon the evidence adduced by the respective parties, and
thereupon an order was passed disallowing the claim. On motion
to dismiss an appeal taken from this order, it was HELD :

1st. That this was a summary, and not a plenary proceeding.

2nd. That the appellants, not having availed themselves of the benefit
of the provisions of Art. 5, sec. 40, of the Code of Public General
Laws, by giving immediate notice of their intention to appeal,
and requesting the evidence to be taken down in writing, for use
on appeal, and there being no testimony in the case to enable this
Court to judge of the correctness of the Court's ruling, the motion
to dismiss must prevail.

3rd. That the said section of the Code was intended to secure an
immediate reduction of the testimony to writing while it remained
fresh in the mind of the Court; and its provision is most whole-
some and necessary.

APPEAL from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued for the appellants, before BARTOL, C. J., GRASON, ALVEY, ROBINSON, IRVING and MAGRUDER, J.

*D. S. Briscoe,* for the appellants.

*Philip A. Bruce,* and *Charles Poe,* for the appellee.

IRVING, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Baltimore City, disallowing a claim of George F. Adams, one of the administrators of Maria P. Morton, which had been proved, and passed by the Court, and included in an administration account, to which the appellee excepted, and which exception was sustained by the order of disallowance, and for the statement of a new administration account, by the administrators. It appears from the record, that this administration account was propounded, as the second account of the administrators, in response to a citation from the Court, on the application of the appellee, dated the 26th of July, 1880. It does not appear when this account was filed, except from the statement in the exceptions filed by Thomas B. Estep, the committee of the person and estate of Anna M. Estep, one of the distributees, on the 3rd day of August, 1880. The exception is "to the claim of George F. Adams, for $1800 against the estate of said intestate, as claimed by him in the second administration account, *this day* propounded by the administrators, and prays that the justice and validity of said claim may be inquired into according to the course of the Court, or that issues may be framed to be sent to a Court of law for trial."

On the same day, the administrator admitted service. A day was appointed by the Orphans' Court for the hearing. Upon that day, it appears the case was taken up for trial, and "having been fully considered upon the evidence adduced by the respective parties," the Court passed the order appealed from.

The appellee moves to dismiss the appeal, on the ground that the proceeding was a summary one; and under Art. 5, sec. 40, of the Code of Public General Laws, if an appeal was contemplated, immediate notice of such intention should have been given, and request should have been made for the testimony to be taken down in writing for use on appeal. The appellants insist, that it was a plenary proceeding, and not a summary one; and that the appeal should not only not be dismissed, but that the order appealed from, should be reversed, because the Court had not conducted the case regularly *as* a plenary proceeding. We think the proceeding was summary, and not plenary. Exception was filed to appellants' claim. The exceptant, now appellee, prayed that his exceptions might be heard, and "that the justice and validity" of the claim excepted to, might be inquired into according " to the course of the Court," or that issues might be framed. There was no order for a plenary proceeding. There was no answer with, or without oath, filed, or required. The inquiry or trial was had summarily on the exception to the account, without formal statement of the grounds of objection, and on oral testimony on both sides. No objection on the part of the appellants appears to have been made to this mode of hearing the case. The order from which the appeal is taken, recites that the decision was made after hearing the testimony "of the respective parties." There is no testimony in the record to enable the Court to judge of the correctness of the Court's ruling. The section of the Code already cited, on which the appellee relies in support of his motion, was intended to secure an immediate reduction of the testimony to writing, while it remained fresh in the mind of the Court; and its provisions is most wholesome and necessary. The appellants have not availed themselves of the benefit of its provisions. All the authorities cited by appellants' counsel, in support of his view of the case, establish that nothing is a plenary proceed-

ing which is not conducted through petition and answer at least. *Pegg vs. Warford,* 4 *Md.,* 385; *Peters' Adm'r vs. Peters,* 20 *Md.,* 172; *Cannon, Adm'x vs. Crook and Wife,* 32 *Md.,* 482; *Rev. Code, Art.* 50, *secs.* 24, 25, 26. It is very clear, that the motion to dismiss must prevail. *Hesson vs. Hesson,* 14 *Md.,* 8; *Cecil vs. Harrington,* 18 *Md.,* 510.

*Appeal dismissed.*

(Decided 30th June, 1881.)