# HENRY O. STONESIFER *vs.* THEODORE SHRIVER, ADMR.

*Appeal From Orphans' Court—Plenary Proceeding—Liability of Husband For Burial Expenses of His Wife.*

When a petition is filed in an Orphans' Court alleging that an executor or administrator has concealed, or has omitted to return in the inventory, a part of his decedent's assets, an appeal from the order of the Orphan's Court on such petition lies to the Circuit Court of the county or the Superior Court of Baltimore City under Code, Art. 93, sec. 240, and no appeal lies to this Court. But when a petition in the Orphans' Court alleges both an omission by the administrator to return all the assets of the decedent's estate and also that in a former administration account certain allowances were improperly made to the administrator, an appeal lies to this Court from the order of the Orphans' Court relating to the allowances. .

When a petition is filed in the Orphans' Court asking that an order ratifying an administration account be rescinded and that the administrator be required to state a new account, and the Court requires the administrator to show cause why this should not be done, and he appears and answers, then the proceeding is a plenary and not a summary one. Consequently an appeal lies to this Court from the final order of the Orphans' Court in the premises without the formalities as to notice and the evidence prescribed by Code, Art. 5, sec. 59, in the case of appeals from orders passed in a summary proceeding.

Code, Art. 93, secs. 250, 251, requires that in plenary proceedings in the Orphans' Court (*i. e.*, where the parties against whom a petition is filed appear and answer), the depositions shall be taken in writing and that on appeal the proceedings be transmitted with the final decree. In this case, although testimony is referred to in the order appealed against, yet none of it is in the record, and the order must therefore be reversed.

The statutes preserving to the wife the ownership and enjoyment of her property do not relieve the husband from his common law obligation to pay for medical attendance upon his wife, and her funeral expenses; and in the settlement of her estate as administrator he is not entitled to an allowance for such expenses or for the cost of a tombstone. If a tombstone be not regarded as part of a suitable burial, then it is to be regarded as a voluntary tribute by the husband to his wife's memory.

Appeal from the Orphans' Court of Carroll County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER, JJ.

*Joseph D. Brooks*, for the appellant.

*E. O. Weant*, for the appellee submitted the cause on his brief.

PEARCE, J., delivered the opinion of the Court.

The appellee in this case, as administrator of his deceased wife, offered for passage by the Orphans' Court for Carroll County, a first and final administration account, in which he craved allowance for the following items among others:

| | | |
|---|---|---|
| Casket for wife's burial | 59.75 | |
| Digging grave | 2.00 | |
| Tombstone | 38.00 | |
| Dr. Seiss | 5.00 | } medical attendance, presumably in last illness. |
| Dr. Weaver | 3.00 | |
| E. O. Weant, Atty | 30.00 | } counsel fee settling estate. |
| Aggregating | $137.75 | |

This account was approved and passed by the Court, and the balance of the estate, $562.70, was distributed, one-half to the appellee as surviving husband, there being no children of the intestate, and the other half to her collateral relatives in due course. Subsequently, the appellant, one of these relatives, filed a petition in the Court, under oath, alleging that the appellee had failed to charge himself with the sum of $26.66 collected by him for the estate from one Oliver Newcomer, a debtor of said estate; and also alleging that the above-mentioned items were wrongfully allowed in said account,

and the appellant therefore excepted to said account as passed, and prayed that the order approving and passing the same be rescinded, and that the appellee be required to restate said account, charging himself with said collection, and omitting the allowances objected to. The Court passed an order requiring the appellee to show cause why the account should not be restated as prayed, and the appellee answered the petition, denying that the sum of $26.66 was properly chargeable in his account, and alleging that the items objected to were all properly allowed therein. This answer does not appear to have been on oath as required by law.

The appellant joined issue on this answer, and at the same time filed in Court a receipt from E. O. Weant, as attorney for the appellee, to Oliver Newcomer for $26.66 received by said attorney for the appellee as administrator of his wife from said Newcomer, and on the same day the Court passed the following order from which this appeal is taken.

"The objections of Henry O. Stonesifer to the account filed and passed in this Court on the 25th day of April, 1904, by Theodore Shriver, administrator of Sarah P. Shriver, deceased, having been submitted to us, after testimony having been taken and argued before us, it is this 7th day of June, 1904, ordered by the Orphans' Court for Carroll County, that the said objections to the allowance to the various amounts set forth in said petition and objection of said Henry O. Stonesifer be and the same are hereby dismissed. And it is further ordered by this Court that the said administrator account to this Court for the said sum of $26.66 set forth in said objections. And it is further ordered that the costs and expenses under said objection in this case, be paid out of the fund of the estate of said deceased, Sarah P. Shriver, towit, $26.66 now in the hands of said administrator, Theodore Shriver ; and that the said administrator pay the cost in the statement of the supplemental account of said additional funds of $26.66." The appellee now moves to dismiss this appeal; "1st, because there is no appeal to the Court of Appeals of Maryland from the decree or order filed in this case; and, 2nd

because the order appealed from in this case was passed on a summary proceeding, and on testimony of witnesses, and the appellant did not give notice of his intention to appeal, and request the testimony of the witnesses to be reduced to writing as required by Art. 5, sec. 59 of the Code."

The first of these reasons is evidently based upon the ground, not expressed in the motion or brief, that the appellant's petition is a proceeding under sec. 239 of Art. 93 of the Code, which provides specially for the disposition of petitions or bills alleging that an administrator "has *concealed*, or has in his hands, and has *omitted* to return in the inventory or list of debts, any part of his decedent's assets." If it could be so regarded, it would follow that the motion must prevail, since sec. 240 of Art. 93 provides that in such case either party may appeal to the Circuit Court for the County, or the Superior Court of Baltimore City, and it was held in *Hignutt* v. *Cranor*, 62 Md. 219, that "the appeal thus provided is exclusive of all other appeals, so that in no event can an appeal in any such case be taken to the Court of Appeals under sec. 39 of Art. 5 of the Code," now sec. 58 of that Art.

If the petition in this case were confined to the item of $26.66 alleged to be omitted in the list of debts, and the administration account, the jurisdiction of the Orphans' Court under that section would be clear, and this appeal would be necessarily dismissed. But that petition combines with the subject-matter of which the Court has jurisdiction *under that section*, other independent matter of which it has no jurisdiction *under that section*, and the order of Court, following the petition, deals with and determines both these subject-matters. The appellant cannot, by this confusing and misjoinder of distinct matters in one petition, and in one order, confer jurisdiction upon the Court as to that one of the subjects over which jurisdiction is not given by sec. 239, nor can either party be in this manner deprived of his appeal as to the matter improperly included in said petition, if it could be treated as filed under sec. 239. The proper course, if it were desired to confine the appeal to the Circuit Court as to the

omitted item, would have been to confine the petition to that item, and to proceed as to the allowances objected to, in such independent petition as the petitioner might deem best suited to his purpose. The first reason for dismissing this appeal therefore cannot be sustained.

The second reason is plainly stated in the motion and brief to be, that the order appealed from was passed in a summary proceeding, and that in such case no appeal will lie unless immediate notice of intention to appeal be given, and unless the evidence has been reduced to writing and transmitted to the Appellate Court. If the proceeding were a summary proceeding, the position could not be denied. *Cecil* v. *Harrington*, 18 Md. 510; *Cox* v. *Chalk*, 57 Md. 571.

But this cannot be regarded as a summary proceeding. The petition prayed the rescission of the order approving and passing the administration account, and that the administrator be required to restate the account. The Court passed an order requiring the administrator to show cause why this should not be done, and he appeared and answered. All this was directly within the ordinary powers conferred upon the Orphans' Court by secs. 230 and 231 of Art. 93 of the Code. *Muncaster* v. *Muncaster*, 23 Md. 286; *Cummings* v. *Robinson*, 95 Md. 87.

It is said in *Pegg* v. *Warford*, 4 Md. 385, "Whenever a bill or petition is filed in the Orphans' Court, whether or not the parties are cited to appear, if in point of fact they do appear and answer, the proceedings are plenary." In *Peters* v. *Peters*, 20 Md. 178, citing *Pegg* v. *Warford, supra*, it was said, "The petition in this case having required the administrator *d. b. n.* to appear and answer, and he having in fact appeared and answered, it comes within the class of cases described as plenary proceedings in the testamentary laws, under the case last cited;" and in *Cannon* v. *Crook*, 32 Md. 484, it is said "The test of plenary proceedings is whether a petition or bill is filed, and the parties against whom it is filed appear and answer." We have found no decision in our reports which impairs the authority of the cases we have cited. The case of *Bowling's*

*Adm.*, v. *Estep*, 56 Md. 566, cited in the appellees brief, in no wise departs from the rule above stated, as in that case there was no bill or petition filed, no order for any plenary proceeding, and no answer with or without oath.  Applying the test given in *Cannon* v. *Crook*, *supra*, the proceeding in *Bowling* v. *Estep*, was held a summary one.  Applying the same test here, the proceeding must be held a plenary one, and in such case the appeal is to this Court, and not to the Circuit Court. The motion to dismiss will therefore be overruled.

The proceedings being plenary should have been conducted in the manner prescribed by secs. 249, 250 and 251 of Art. 93 of the Code.  *Cannon* v. *Crook*, 32 Md. 485.  Section 250 requires that in plenary proceedings all the depositions shall be taken in writing and be recorded, and gives the parties a right to require issues to a Court of law.  Section 251 requires in case of appeal on plenary proceedings from a final decree of the Orphans' Court, that "the other proceedings" be transmitted with the decree to the Appellate Court.  These things have not been done here.  As was said in *Cannon* v. *Crook*, *supra*, so it must be said here "all the proceedings in the Orphans' Court subsequent to the filing of the answers were erroneous, and the judgment must be reversed and the cause remanded in order that they may be conducted according to law."  The answer itself was irregular, not being on oath. None of the testimony taken in the Orphans' Court appears in the record, and no judgment or decree can be founded upon the record as it stands.  The receipt from Mr. Weant was *filed* by the petitioner, but it does not appear that it was *offered in evidence*, nor does the record disclose what witnesses were sworn, nor what testimony they gave.  The only reference to any testimony is in the order appealed from, which states that "the objections were submitted after testimony having been taken and argued," and the absence of the testimony from the record cannot be supplied by statement of counsel in the briefs as to what was given.  The judgment must therefore be reversed and the cause be remanded for further proceedings in conformity with this opinion.

But we must also indicate to the Orphans' Court our views upon the chief subject of contention, being the allowance to the husband as executor for the sums paid by him for his wife's medical attendance, funeral expenses, and tombstone.

In overruling the objections to these allowances, the Court was in error. The question in this State is not an open one, this Court having decided in *Willis* v. *Jones*, 57 Md. 368, that "the husband is chargeable with funeral expenses of the wife, and is bound to pay them, but they constitute no charge upon her separate estate."

At common law, the legal existence and identity of the wife was merged in that of the husband who became entitled to hold and to reduce into his possession all her personal estate, and as a consequence the law cast upon him the duty of supplying her with necessaries suitable to their station in life. The duty of a husband to bury his wife in a suitable manner is involved in the obligation to maintain her while living, and rests also upon a due regard for the decencies of life, and the health of the public. It has been generally held where the subject has been considered by the Courts of this country that statutes creating the wife's statutory estate do not absolve the husband from his common law obligation to provide suitable burial for the wife, and that he is not entitled to any credit on the settlement of his administration of her estate for such expenditures. *Smyley* v. *Reese*, 53 Ala. 88; *Sears* v. *Giddey*, 41 Mich. 590; *Staples Appeal*, 52 Conn. 425; *Matter of Weringer*, 100 Cal. 345.

Rhode Island and Ohio, upon a verbal construction of the language of their respective statutes, hold that a husband who administers upon his wife's estate is entitled to be allowed for reasonable funeral expenses. *Moulton* v. *Smith*, 16 R. I. 126, *McLellan* v. *Filson*, 44 Ohio St. 184. The present Massachusetts statute, carefully framed, expressly declares the husband to be so entitled. *Constantinides* v. *Walsh*, 146 Mass. 281. But before that enactment, an earlier case, *Cunningham* v. *Reardon*, 98 Mass. 538, held otherwise. In *Gregory* v. *Lockyear*, 6 Maddock Ch. 90, such an allowance was made, but

that decision does not seem to have been followed in England, nor to have been accepted in this country except in Rhode Island and Ohio.    Our own Code, Art. 45, sec. 20, provides that "nothing in that Article shall be construed to relieve the husband from liability for necessaries for the wife, or for his or their children, but that as to all such cases, his liability shall be or continue as at common law," and this reservation, we think forbids us to question the decision in *Willis* v. *Jones, supra.*    If a tombstone be regarded as part of a suitable burial, according to the station of the parties in life, it comes directly within the principle of necessaries as applicable to ordinary funeral expenses.    If it cannot be so regarded, the husband in providing it does so at the risk of objection by her distributees, and in such case, not being a debt of the wife's, nor in any manner a charge upon her estate, it can only be regarded as a tribute, or gift, by him to her memory.

It will be observed that the item of $4.47, embraced in Mr. Weant's receipt, is for goods purchased at the sale and is included in the gain on sales shown in the administration account.    This item therefore should be excluded from consideration in determining whether the administrator should be required to account for any part of this $26.66.

> *Judgment reversed with costs to the appellants, and cause remanded for further proceedings.*

(Decided November 17th, 1904.)