W. EDWARD BARTON *v.* W. RAY TABLER, ET AL.

[No. 6, April Term, 1944.]

*Decided May 3, 1944.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, MELVIN, and BAILEY, JJ.

*Richard T. Earle* for the appellant.

*J. B. Randol Carroll,* with whom was *James B. Diggs* and *Brown & Brune* and *William McK. Gibson* on the brief, for the appellees.

MARBURY, C. J., delivered the opinion of the Court.

Appellant, claiming to be the largest creditor of South Williams Chamberlaine, late of Queen Anne's County, intestate, appeals from an order of the Orphans' Court of that County, passed on December 28, 1943, appointing the appellees administrators of her estate, and refusing the application of appellant for such appointment. The record shows that on the above mentioned date the brother of the deceased renounced his right of administration and requested the appointment of the appellee, James B. Diggs. A niece and a nephew renounced their right and requested the appointment of the appellee, W. Ray Tabler. Diggs and Tabler then made joint application for letters of administration. The court heard argument, and the appellant and W. Ray Tabler were sworn as witnesses, and testified. A check signed by W. Ray Tabler, which was stated to have been previously tendered to the appellant, was retendered to him in full payment of his claim against the estate, but he refused to accept it. The court then denied the appellant's application, and granted letters to the appellees, who, themselves, had no interest in the estate. An appeal was noted by the appellant and subsequently withdrawn. A motion was then filed by him for permission to have the witnesses before the court with a stenographer, so that the testimony previously given by them, might be again given and reduced to writing as a part of the record in this case. This was refused. The appeal was thereupon refiled, and the case is now before us on this record.

The appellees move to dismiss the appeal because the order was passed on summary proceedings and on testimony, and the appellant did not give notice of intention and request the testimony of the witnesses to be reduced to writing as required by Article 5, Section 65, of *Flack's Annotated Code of Maryland.* Subsequent to

the filing of this motion, the appellant filed here a petition to introduce into evidence and to have as part of the record of the case, certain proceedings in the Orphans' Court of December 7, 1943, three weeks prior to the date of the order appealed from. He attaches to his petition copies of the record of these proceedings.

Nothing can, of course, be offered in evidence in this court, but omitted portions of a record may be added by agreement if the court thinks they are pertinent and should be brought up by issuance of a writ of diminution. *Armstrong v. Hagerstown*, 32 Md. 54. Consent is not given in this case, but the appellees through their counsel agree that if we think the proceedings of December 7, 1943, properly belong in the record, we may consider them without the necessity of issuing the writ. We have accordingly examined these proceedings for the purpose of determining whether they should be in the record. They show that on December 7, 1943, there appeared before the Orphans' Court, attorneys representing respectively the brother, Mr. Tabler, and Barton Brothers, the three applicants for letters. The court, after listening to argument, agreed to grant letters to the appellees, upon the presentation of the renunciations, which were later presented on December 28th, and the petition by the appellees for letters, which was also presented on December 28th, and a corporate bond to be executed by the appellees and approved by the court. While these proceedings indicate a decision by the court, that decision was not then made effective by any order, nor was the appointment of administrators made on that date. When the final decision was made on December 28th, it was in accordance with what had been agreed upon on December 7th, but as we have heretofore stated, it was made after argument and testimony and the tender of a check. It appears, therefore, that the proceedings of December 7th are not a necessary part of the record in this case, and they will not be further considered.

The intestate left surviving her a brother, who was a resident of Queen Anne's County, Maryland, and three

nieces and three nephews, who were all non-residents of the State. Barton Brothers were undertakers who had charge of the funeral of the intestate, the bill for which was $542.15. W. Marvin Barton, who was one of the partners, assigned his interest in the indebtedness to the appellant, who was the other partner. The appellant then applied for letters, as the largest creditor. The death of the intestate occurred on May 18, 1943, so that a period of over six months had elapsed at the time the applications for letters were made. The appellant claims the right to letters under the authority of Section 31 of Article 93 of Flack's Annotated Code of Public General Laws, which provides that if there are no relatives, administration shall be granted to the largest creditor applying for the same. The undertaker, or one standing in his place, qualifies as a creditor under the decisions of this court (*Lentz v. Pilert,* 60 Md. 296, 45 Am. Rep. 732), and it has been held that upon the failure of those first entitled to administration to apply for letters, administration may be granted by the Orphans' Court to the largest creditor applying for same. *Lang v. Wilmer,* 131 Md. 215, at page 227, 101 A. 706, 2 A. L. R. 1698. In a recent case, it was held that a brother-in-law who undertook to pay the funeral expenses was a creditor under the statute, and his letters, granted the day after the death of his decedent, would not be revoked on the application of two nephews and a niece, all non-residents of the state, in the absence of fraud or mistake. *Kaiser v. Ebersberger,* 179 Md. 417, 19 A. 2d 701.

The appellant, if he is a creditor, is entitled in the circumstances to letters on the estate, and the Orphans' Court has no discretion to appoint others. However, it is urged that, a tender having been made him before the granting of letters, and refused by him, he is no longer in the position of a creditor whose rights are protected by the statute.

The reason for giving a creditor a right to administer on the estate of an intestate is for the purpose of protecting his claim. *Lentz v. Pilert,* 60 Md. at pages 300, 301,

45 Am. Rep. 732. When the status as a creditor ceases, the right to appointment ceases also. 33 *Corpus Juris Secundum, Executors and Administrators*, p. 938, Sec. 41 b. It was never intended that a stranger to the estate should be preferred to relatives or representatives of relatives, if his claim was secured or paid before the administration was granted. If the relatives entitled did not administer, and his claim thereby endangered or its payment delayed, he was entitled to protection, and the legislature gave it to him by giving him the right to administer. Of course, the exercise of this right would entitle him to commissions as payment for work done, but the right to such commissions is incidental to his right as a creditor.

This becomes important in view of appellant's suggestion that W. Ray Tabler, who offered to pay his claim, was a mere volunteer, a candidate himself for the office of administrator, and that he was not obliged to support such candidacy by allowing his claim to be paid, and by allowing Mr. Tabler to become a creditor in his place which might have been the latter's position had the check been accepted. *Kaiser v. Ebersberger*, 179 Md. 417, 19 A. 2d 701, supra. Next of kin, or parties interested in the estate, have the right, and sometimes even the duty, to protect the estate and their interest by paying off the creditor. *Lentz v. Pilert*, 60 Md. page 300, 45 Am. Rep. 732. We are, therefore, met with the necessity of deciding what was the status of Tabler, and whom he represented, if anyone, when he made the offer to pay the appellant's claim. This was something we are unable to determine from the record. The reason it cannot be determined is that we have not before us the testimony, and we cannot know what was the basis for the decision of the Orphans' Court.

The Code, 1939, Article 5, Section 65, provides that if an order is made on a summary proceeding and on testimony of witnesses, no appeal shall be allowed, unless the party desiring one shall immediately give notice to that effect, and request that the testimony be reduced to

writing. A summary proceeding in the Orphans' Court is one where action is taken without requiring an answer or appearance from other parties. *Cannon v. Crook,* 32 Md. 482; *Bowling v. Estep,* 56 Md. 564; *Stonesifer v. Shriver,* 100 Md. 24, 59 A. 139. It has been recently held by this court that where two petitions are filed for appointment of administrator c.t.a., and the Orphans' Court disposes of the question of the right to letters, on these petitions and on renunciations and recommendations filed, such a proceeding is summary. *Phillips v. Clark,* 176 Md. 578, 6 A. 2d 220. The order appealed from here was obviously passed in a summary proceeding.

The appellant in this cases did not follow the statute, although he later realized his error, and asked to be allowed to have the testimony taken over again. This, however, was not permissible. (*Cannon v. Crook,* 32 Md. 482), and the Orphans' Court committed no error in refusing the request. The appellant is denied an appeal by the statute, and we cannot consider, on the record, the questions he raises. The motion to dismiss must be granted.

*Appeal dismissed. Appellant to pay costs.*