Mr. Justice LipscoMb
delivered the opinion of the court.
We have never been very particular as to the form in which the plaintiff presents his cause. If it shows a cause of action, in terms comprehensible, the requisites of the petition are sufficiently complied with.
The petition shows that there had been an administrator on the estate of their father, and that the property sued for had been in the possession of the administrator; that he had put it out of his possession, by pledging it to the defendant in the suit; that he shortly afterwards died.
Now if the administrator, having possession of the effects of his testator, abuses his trust, and uses such property as his own, lie thereby renders himself liable for it to the creditors, or heirs, or other persons having a right in the estate, and his accountability is secured by the administrator’s bond; his death could not relieve his estate and his security for the faithful administration from liability.
If it should be conceded that the property had not changed title, by the disposition he had made of it, who had a right to sue for? Not the heir, but the administrator de bonis non, as property not administered on. It is clear that in. any aspect that the heirs and creditors were safe, so far as we are to judge ■from the petition, because the first administrator would be liable and the administrator de bonis non could assert whatever right the law gave him to the property. It may well be doubted, if the defendant in this action could have protected himself by a plea of former recovery, had there been a judgment in this case against him, and he had been afterwards sued for the same property by the administrator de bonis non. And this view of the subject is applicable to another point growing out of the petition; it is alleged that the property had been demanded previous to the com *185 mencement of the suit, but it is not said by whom demanded nor in what character the demand was made. The defendant, if he is to be viewed as a bailee, surely had a right to know the authority of the person making such demand to exercise the right claimed; if he had delivered the property to a person having no right to receive it, he could not have defended himself against the rightful claimant. ¥e do not intend to-be understood as ruling that in no case could an heir sue for property before the succession through which he deraigned his right had been legally closed, according to the law's regulating such successions. We believe such a case could be sustained; suppose there were no creditors and no administration, and the heir should sue for property, setting forth the fact that there were no outstanding debts and no other heirs, a court in the exercise of equity jurisdiction could sustain the-suit with perfect safety to the rights of others, because such interests or rights, if they should at any reasonable time appear, would be secured by such guaranties as the court would have the power to direct. We have, however, to say, that no-such case is presented by the petition.now under consideration. The case of Moore v. Morse, decided at the present term, is-decisive of the one before us. Because, therefore, the petition shows no cause of action, the judgment of the court below is in all things affirmed.