# HENRY C. REED *vs.* THE BALTIMORE TRUST AND GUARANTEE COMPANY.

## *Constitutional law—Special Act.*

The Act of 1882, ch. 495, incorporating the Baltimore Trust and Guarantee Company, and empowering it to accept and execute trusts of every description, as fully as any natural person could; to act as executor, administrator, guardian, assignee, or receiver, &c., and as a safe deposit company, and to exercise various other powers, is not void under section 48 of Article 3 of the Constitution, which provides that "corporations may be formed under the general laws; but shall not be created by special Act, * * * except in cases where no general laws exist, providing for the creation of corporations of the same general character as the corporation proposed to be created," inasmuch as the general law (Art. 23, sec. 29, of the Code,) providing "for the formation of savings institutions, trust companies, and guarantee companies," does not confer the powers and rights granted by the special law of 1882, ch. 495.


APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.  The appellee was incorporated by the Act of 1882, ch. 495,

by the name of The National Trust and Guarantee Company, and by the Act of 1890, ch. 11, its name was changed to that of The Baltimore Trust and Guarantee Company.   The decree from which this appeal was taken was passed by Judge DENNIS.

The cause was argued for the appellant before ROBINSON, IRVING, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J. The Court declined to hear counsel for the appellee.

*Thomas B. Mackall,* for the appellant.

*Francis K. Carey,* and *S. Teackle Wallis,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case, which was filed on the 28th of March, 1890, is for an injunction to restrain the Baltimore Trust and Guarantee Company from acting as assignee, trustee, receiver, executor, administrator, guardian, or in any other fiduciary capacity, under the orders or decrees of Courts of record, as under its charter it is authorized to do.   The bill of complaint, upon demurrer, was dismissed by the Court; and from this decree an appeal has been taken.

The appellant is a holder of twenty-five shares of the capital stock of the company, and charges that the charter of the said corporation, so far as it authorizes the said corporation to exercise the powers and perform the duties of trustee, &c., is unconstitutional and void, as being in violation of Section 48 of Article 3 of the Constitution, which provides, "that corporations may be formed under the general laws, but shall not be created by special Act, except for municipal purposes, and except in cases where no general laws exist providing for the creation of

corporations of the same general character as the corporation proposed to be created; and any act of incorporation passed in violation of this section shall be void." And the bill further charges that, at the time of the incorporation of said company by the special Act of the said General Assembly, (Act of 1882, chapter 495,) a general law existed providing for the creation of trust companies, Article 23, section 29, of the Code of Public General Laws, (Act of 1876, chapter 269,) in the following words: "For the formation of Savings Institutions, Trust Companies, and Guarantee Companies."

The answer of the appellee, among other things, states that no general law existed, providing for the creation of corporations of the same general character as the defendant corporation at the time of the passage of the special Act incorporating said company.

The inquiry, then, is, from the above statement of this case, is there any general Act providing for a corporation with powers, rights and functions similar to those granted by the special Act to this appellee?

The answer will be found in stating some of the provisions of its charter relating to its trust powers. They are, "that the corporation has power to accept and execute trusts of every description, which shall be entrusted to it by any person or corporation, or by the order of any Court of record.

"Any Court shall have the power to appoint it guardian of an infant, or committee of a lunatic. Any Court of any State may direct money lying in Court awaiting distribution to be deposited with the company."

It is expressly authorized to act as executor, administrator, guardian, assignee, or receiver, and to collect the incomes of estates, and take custody of wills and legal documents. Whenever it is appointed to act in any fiduciary capacity under its charter, the capital stock and its property as paid in shall be taken and considered

as the security required by law for the faithful perform-
ance of its duties, and no bond or other security shall be
required of it.

It is made the legal depository for public funds, and
all public officers and executors, trustees, &c., are au-
thorized to deposit money and valuables under their
charge with the company for safe-keeping.

There is also a general provision authorizing it to act
as a safe deposit company, in the following words:

"Section 20.   That said company may receive, upon
storage, deposit, or otherwise, merchandise, specie, plate,
stocks, promissory notes, certificates and evidences of
debts, contracts, and all other personal properties what-
soever ; take charge and custody of real and personal
estates and securities, and advance money thereupon on
such terms as may be established or approved by said
company."

In addition to the above powers, there is a provision
authorizing the corporation to form a Board of Arbitra-
tion, and act as a public arbitrator as follows :

"Section 23.   Said company shall have power and
authority to provide rules, regulations, by-laws or other-
wise, for, and to determine all matters of arbitrament or
award, referred or submitted to them by order of any
Court, or agreement of parties in interest whatsoever,
upon such terms as may be agreed upon, provided or es-
tablished by said Courts or said parties."

It will at once be seen that there is no general law
conferring such rights, or under which a company could
have been formed with similar powers, as were granted
by the special Act to this company; and it cannot be con-
sidered a corporation of the same general character as
any corporation which could have been formed under the
Act of 1876.   There is no general provision for the for-
mation of trust and deposit companies, or for a deposit
company, under the general Incorporation Law of this

State with powers similar to those granted to this company. Hence, there was no way by which such corporate rights and powers could have been conferred, except by a special Act of the Legislature. This Court held in the cases of *President, &c., of Georgetown College, et al. vs. Browne*, 34 *Md.*, 450; *Frostburg Mutual Building Association vs. Lowdermilk*, 50 *Md.*, 175; *Ellicott Machine Co. vs. Speed & Co., et al., ante p.*, 22, that a corporation could not act in the capacities of executor, administrator, guardian, trustee, &c., without express and special authority. A trust company, then, formed under the general incorporation laws of the State, for the purposes included within any of the twenty-one enumerated classes as provided by Article 23 of the Code, (the Act of 1876,) would be powerless to exercise such corporate powers and rights as were granted and conferred to this company by the *special Act* of the Legislature, because those special rights, powers and franchises could not be brought within the provisions of the general statute, or granted and conferred under the general incorporation law of the State.

For these reasons, the decree of the Court refusing an injunction in this case will be affirmed.

*Decree affirmed.*

(Decided 20th June, 1890.)