# THE GERMAN-AMERICAN BANK OF BALTIMORE

## *vs.*

## LOUISA MAY AND MARY C. KOPP.

*Executors and administrators: corporations no common law
power to act; charter of German-American Bank
does not confer—*

At common law, a corporation has no power to act as administrator or executor.                                    p. 423

Chapter 222 of the Acts of 1872, incorporating the German-American Bank of Baltimore, in granting to the corporation the right to accept all such trusts as may be committed to it by any person, or by the order or direction of any judge, court or tribunal, does not grant it the power to act as executor.    p. 425

*Decided April 2nd 1918.*

Appeal from the Orphans' Court of Baltimore City.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Ernest W. Beatty* (with whom was *Samuel K. Smith* on the brief), for the appellant.

*I. Wm. Schimmel* (with whom was *H. C. Griffin* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

John Mahr, late of Baltimore City, departed this life on the 27th of September, 1917, leaving a last will and testament, whereby he devised and bequeathed his estate to his two sisters, Louisa May and Mary C. Kopp, the appellees on the record now before us.

By his will he nominated and appointed the appellant, the German-American Bank of Baltimore, as his executor. The will was duly admitted to probate by the Orphans' Court of Baltimore City, but the application of the appellant for letters testamentary upon the estate was denied by the Orphans' Court, and its petition for letters was dismissed upon the ground that the Bank had no power or authority, under its charter, to act as executor. From this order the Bank has appealed.

The single question presented for consideration is, whether or not, under a proper construction of the appellant's charter, it has the power to act as executor under the testator's will.

It is conceded that at common law a corporation had no power to act as administrator or executor.

In *Georgetown College* v. *Browne,* 34 Md. 450, it was held that a corporation could not become an executor, administrator or exercise other fiduciary powers, unless by special and express grant or by legislative power conferred upon it. *Frostburg Mut. Bldg. Assocn.* v. *Lowdermilk,* 50 Md. 175; *Reed* v. *Balto. Trust Co.,* 72 Md. 535.

The appellant was incorporated by the General Assembly of Maryland by Chapter 222 of the Acts of 1872, and it is insisted that the right and power of the Bank to act as executor is derived from and conferred by this charter.

The claim is based upon section 5 of the Act, setting out the general powers of the corporation, and it is as follows: That the said corporation shall have power to borrow money, receive money on deposit and pay interest thereon, and to loan money, or to discount, in accordance with bank usage,

taking such security therefor, either real or personal, as the board of directors of said bank may deem sufficient; may buy and sell bills of exchange, notes, bonds or other securities, may accept and hold all such trusts as shall or may be committed to it by any person, or by the order and direction of any Judge or any Court or tribunal; may make such special regulations in reference to trust funds, special deposits or savings left for safekeeping, as shall best aid the parties interested, receiving and allowing such legal rate of interest as may be agreed upon; may purchase such annuities and real estate as may be requisite for the immediate accommodation of its business; may issue letters of credit and other commercial obligations, and generally to do and transact a general banking business.

While the language, "may accept and hold all such trusts," used in the charter, is somewhat broad and extensive, yet we can not hold that it is sufficient, under the established rule of strict construction of corporate charters, to include the word "executor," especially when we are dealing with the construction of a bank charter.

It is clear that the power here claimed is not expressly granted by the Act, and it is well settled both upon principle and authority, that a corporation can only exercise such powers as are expressly granted and conferred by the statute creating it.

In *Lazear* v. *Nat. Union Bank,* 52 Md. 124, it is said a corporation has no other powers than such as are specifically granted or such as are necessary for the purpose of carrying into effect the powers expressly granted.

This rule of law is so well settled that we need refer to no additional authorities to sustain it.

In *Weckler* v. *First National Bank,* 42 Md. 581, it was held, that a bank, like other private corporations, is confined to the sphere of action limited by the terms and intention of its charter. *Steam Nav. Co.* v. *Dandridge,* 8 G. & J. 318; *Bank* v. *Dandridge,* 12 Wheat. 68.

In *Fertilizer Co.* v. *Hyde Park,* 97 U. S. 659, the Supreme Court said, that the rule of construction in this class of cases is that it shall be most strongly against the corporation. Every reasonable doubt is to be resolved adversely. Nothing is to be taken as conceded but what is given in unmistakable terms or by an implication equally clear. The affirmative must be shown. Silence is negation and doubt is fatal to the claim. *Newton* v. *Commissioners,* 100 U. S. 548.

While the Act of 1872, incorporating the appellant bank confers the power "to accept and hold all such trusts," it nowhere in express terms confers the power to accept the office and appointment of executor.

It is obvious, we think, that if the Legislature had intended to grant this power, they would have conferred it upon the bank, in express and unmistakable terms and not under the general and indefinite term "all such trusts," as was used in the charter of the appellant bank.

No such construction, therefore, can be given to the language used in the appellant's charter, as would include the authority to act as executor, and in view of the rule of interpretation of corporate powers, as stated herein, a corporation created by statute has no other powers than such as are specifically granted or such as are necessary for the purpose of carrying into effect the powers expressly granted.

The exercise of such a power as here urged is in no way essential or even necessary to the purpose of the existence of the bank, or in any sense incidental to the banking business, which the bank by its charter was empowered to carry on and conduct.

Manifestly, "An Executorship," is a trust, and recently this power has been granted to many of the banking and trust companies of the State, but an examination of the statutes, incorporating these banks, will show, that the power to act as executor, administrator, etc., was expressly granted by the statutes creating the corporation or by subsequent special statutes, passed for this purpose. *Reed* v. *Balto. Trust and*

*Guarantee Co.,* 72 Md. 531; Acts of 1876, Chap. 27; Acts of 1882, Chap. 495; Acts of 1884, Chap. 517.

This construction of the appellant's charter, is not only supported by the authorities, but by the other sections of the Act, granting the powers.

The provisions of the Act are, that the corporation shall have power "to borrow money," "receive money on deposit and to pay interest thereon," and "to loan money or to discount, in accordance with bank usage," and "to take security therefor, either in real or personal property," "may buy and sell bills of exchange, notes, bonds or other securities," "may accept and hold all such trusts as shall or may be committed to it," and generally to do and transact a general banking business.

It will be thus seen, that the charter nowhere, in express terms, grants the power to act or to perform the office of an executor, and as this power is not incidental to or necessary to the business of banking, it cannot be held, to have been granted by the charter, or included within its granted powers.

It follows for the reasons stated, that the order of the Orphans' Court, dated the 9th day of October, 1917, denying the appellant's application for letters testamentary and dismissing the petition, was properly passed and the order will be affirmed.

*Order affirmed, with costs.*