## SIMMONS et al. v. CAMPBELL et al. (No. 6227.)

(Court of Civil Appeals of Texas. San Antonio. May 28, 1919. Rehearing Denied June 18, 1919.)

1. WILLS ☞219—WHO MAY PROPOUND FOR PROBATE—EXECUTOR.

Under Rev. St. 1911, art. 3262, a will is properly presented for probate by the person named in it as executor, regardless of whether he is competent to act as executor.

2. WILLS ☞274—PROBATE—TRUST COMPANY—APPLICATION.

Since a trust company could probate the will in which it was named as executor, without seeking to have an executor appointed, it was not bound to state, in the application for probate, that it was not disqualified by law from accepting letters.

3. WILLS ☞219—PROBATE.

That testamentary executor in writing declined the executorship of the will could have no effect on the right of such executor to propound the will for probate.

4. DESCENT AND DISTRIBUTION ☞90(1)—ACTION BY HEIRS.

Even if a temporary administrator should not have been appointed for an estate, under Rev. St. 1911, art. 3301, yet where the will of the deceased had been duly probated, and there was an administration of the estate pending, and debts in a large sum had been filed and approved, the heirs and devisees of deceased could not bring trespass to try title to land belonging to the estate against others claiming it.

5. EXECUTORS AND ADMINISTRATORS ☞15—CORPORATION ACTING AS EXECUTOR.

A corporation may be appointed and act as executor; the creation of such corporations being authorized by Rev. St. 1911, art. 1121, subd. 37.

6. WILLS ☞211—COMPELLING PROBATE.

Under Rev. St. 1911, art. 3225, the court may compel probate of a will upon ascertaining its existence.

7. CONSTITUTIONAL LAW ☞38 — CONSTITUTIONALITY OF STATUTE.

Where a statute is not prohibited expressly nor impliedly by the Constitution, it must be sustained.

8. CONSTITUTIONAL LAW ☞48—PRESUMPTION OF CONSTITUTIONALITY.

Every doubt is resolved in favor of the constitutionality of a statute.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

9. AFFIDAVITS ⚮2—POWER TO MAKE—OFFI-
CER OF CORPORATION.

In view of Rev. St. 1911, arts. 4928–4964,
5504, corporations may make affidavits through
their officers and agents when such affidavits are
required.

10. EXECUTORS AND ADMINISTRATORS ⚮22(3)
—APPOINTMENT OF TEMPORARY ADMINISTRA-
TOR—RECITALS.

Where the court, in appointing temporary
administrator, recited sufficient grounds in the
order to justify the appointment, the decree
would not be affected by any invalid reason that
might have been recited therein.

Appeal from District Court, Atascosa Coun-
ty; Covey C. Thomas, Judge.

Action by Minnie Odom Simmons and oth-
ers against Jourdan Campbell and others.
From judgment of dismissal, plaintiffs ap-
peal. Affirmed.

C. L. Bass, of Houston, for appellants.
Terrell & Terrell, Lewright & Douglas,
Perry J. Lewis, and Clamp, Searcy & Clamp,
all of San Antonio, for appellees.

FLY, C. J. Minnie Odom Simmons, joined
by her husband, William Stark Forgey, Mar-
garet Deborah Simmons, joined by her hus-
band, W. H. Fruedenstein, Martha Elizabeth
Simmons and her husband, Emil Stroh,
Harriet Jane Simmons and her husband, E.
S. Fomby, Robert Simmons, Paul Simmons,
and Maud Simmons and her husband, and
C. N. Feamster, instituted an action of tres-
pass to try title to certain real estate in Atas-
cosa county, against Jourdan Campbell, E.
W. Minturn, and C. C. Nelson. Appellants
claimed the land as the children and heirs
at law of C. F. Simmons, deceased, who died
on November 4, 1910, and whose will had
been probated at the instance of the West
Texas Bank & Trust Company, a corporation,
upon the request of Mattie Cantrell Sim-
mons, who was empowered by the terms of
said will to select an executor, and that said
executor had proceeded to administer the
estate. The petition was assailed through a
plea in abatement, in which it was alleged
that C. F. Simmons had died leaving a will
in which the Central Trust Company was
named executor and trustee, in which pro-
vision was made for the payment of the
debts of the estate, and there was bequeath-
ed to his wife, Mattie Cantrell Simmons,
$50,000, to Minnie Odom Simmons, Robert
Simmons, and Paul Simmons the sum of
$30,000, in the shape of three special trust
funds of $10,000 each, and to the Methodist
Episcopal Church South, about $60,000;
to Mrs. Fruedenstein and Mrs. Feamster,
$100 each. The will also provided that after
the payment of debts and devises the remain-
der should be divided into six equal parts,
to be given to Mrs. Mattie Cantrell Simmons,

Mrs. Forgey, Mrs. Stroh, Mrs. Fomby, Rob-
ert Simmons, and Paul Simmons. It was
also provided that, if the Central Trust
Company should refuse to qualify as exec-
utor, Mrs. Simmons, his widow, should ap-
point some other trust company to act. Full
power was given the executor to sell prop-
erty of the estate. It was further alleged
that the Central Trust Company applied for
the probate of the will on December 1, 1910,
and on January 12, 1911, the will was pro-
bated, and the Central Trust Company hav-
ing declined to act as executor, at the request
of Mrs. Simmons, the West Texas Bank &
Trust Company was appointed executor and,
through its officers, qualified, took the oath
as executor, and executed a bond in the sum
of $1,700,000, which was duly approved by
the probate court. That corporation was
removed on August 15, 1916, and the Com-
monwealth Bank & Trust Company was ap-
pointed executor, administrator, and trustee
with the will annexed. That afterwards,
at the instance of C. L. Bass, representing
appellants, the last-named corporation was
removed, and A. P. Barrett was appointed
and duly qualified as temporary administra-
tor. It was alleged that debts amount-
ing to $150,000, or more, had been presented,
allowed, and approved but not paid, and the
county court had full jurisdiction over the
estate. A trial was had on the plea in abate-
ment, and the court after hearing the facts,
which fully support the plea in abatement,
sustained the plea and dismissed the cause.

The only assignment of error copied into
the brief is numbered 9 in the record and
1 in the brief, and is:

"The court erred in rendering final judgment
sustaining defendant's plea in abatement and
dismissing this cause at costs of plaintiffs; be-
cause there was no evidence to sustain said final
judgment."

Under that assignment there are four
propositions: The first, that the only evi-
dence of the appointment of A. P. Barrett
as temporary administrator is that purport-
ing to be an order of a special judge making
the appointment; second, that the recitals
in the decree appointing Barrett preclude
the presumption of the existence of any
grounds except those named in the decree,
for such appointment; third, that the "po-
tential and active jurisdiction of the county
court" is not supported by the recitals there-
in, and said court was without jurisdiction
to make such appointment; and, fourth,
that the recitals in the decree are not sup-
ported by the other recital that the necessity
existed for such appointment by reason of
the pendency of litigation wherein the rep-
resentative of the estate was plaintiff. The
assignment is general and indefinite, and
the propositions are far-fetched and not ger-
mane to the assignment of error. Still the

⚮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

assignment will be considered at its full value.

[1-3] At the time that this action in trespass to try title was filed by appellants, an administration of the estate of Charles F. Simmons, deceased, under his will was pending in the county court of Bexar county. That court had full jurisdiction over the estate, and, when the will was presented for probate by the corporation named in it as executor, the court had the authority and under proper proof it was its duty to probate the will, whether the executor presenting the will was authorized or competent to act as executor or not. It has been long held that the proper one to present a will for probate is the executor named therein. Alexander on Wills, pp. 1844, 1845, § 1188. As said by the Supreme Court of West Virginia, quoting from a Virginia case (Wills v. Spraggins, 3 Grat. [44 Va.] 555) in Ward v. Brown, 53 W. Va. 116, 44 S. E. 488:

"It follows that any will may be propounded, not only by the nominated executor, but by any legatee or devisee therein who has an interest in establishing it, without regard to the nature of the property upon which it acts."

That is statutory in Texas. It is not the executor who may under the law be qualified to act as such, but the executor nominated in the will. It is the testamentary executor. Rev. Stats. § 3262. It is not questioned that the Central Trust Company fully complied with the requirements of article 3250, Revised Statutes, in probating the will. The trust company could probate the will without seeking to have an executor appointed, and therefore was not bound to state that it was not disqualified by law from accepting letters. The fifth subdivision of the application for probate is not necessary unless the proponent of the will desires to obtain letters testamentary, clearly indicating that the proponent of the will is not required to be qualified to act as executor. The Central Trust Company, in writing, declined the executorship of the will; but that could have no effect upon its right to propound the will for probate. Indeed, while it is contended that the county court had no authority to probate the will at the instance of the Central Trust Company, and that it did not have the authority to appoint the West Texas Bank & Trust Company executor of the will of Charles F. Simmons, deceased, the whole attack is made on the appointment of Barrett as temporary administrator, who was appointed at the instance of C. L. Bass, attorney for appellants, and upon a recitation of facts showing a necessity for such administration filed by said Bass.

[4] The county court had the undoubted power and authority to appoint a temporary administrator. There was pending at the time a contest relative to the appointment of the Commonwealth Bank & Trust Company as administrator, bringing the case directly within the letter, as well as spirit, of article 3301, and there were reasons for such appointment fully stated in the order of the county court. But if such had not been the case, and no temporary administrator should have been appointed, the evidence showed beyond controversy that the will of Charles F. Simmons, deceased, had been duly probated, that there was an administration on his estate pending, and that debts in a large sum had been filed and approved. The administration of the estate was open and had not been closed, and appellants could not maintain an action in trespass to try title to land belonging to that estate. There was an administration pending, there were many claims unsettled, and appellants had no right of action against any one claiming property belonging to the estate. Evans v. Oakley, 2 Tex. 182; Moore v. Morse, 2 Tex. 400; Cochran's Adm'rs v. Thompson, 18 Tex. 652; Patton v. Gregory, 21 Tex. 517; Giddings v. Steele, 28 Tex. 733, 91 Am. Dec. 336; Peveler v. Peveler, 54 Tex. 53; Webster v. Willis, 56 Tex. 468; Lee v. Turner, 71 Tex. 264, 9 S. W. 149; Northcraft v. Oliver, 74 Tex. 162, 11 S. W. 1121; Richardson v. Vaughan, 86 Tex. 93, 23 S. W. 640; Halsey v. Jones, 86 Tex. 488, 25 S. W. 696; Rylie v. Stammire, 77 S. W. 626; Buchanan v. Buchanan, 75 N. J. Eq. 274, 71 Atl. 745, 22 L. R. A. 454 (N. S.) 71, 138 Am. St. Rep. 563, 20 Ann. Cas. 91.

[5, 6] It is the modern rule, adopted in England and America, that a corporation may be appointed and act as the executor or administrator of an estate. Alexander on Wills, § 1203; Woerner, Am. Law Adm. p. 509, § 233; Atty. Gen. v. Nat. Bank, 192 Mich. 640, 159 N. W. 335; Estate of Goddard, 94 N. Y. 554; Reed v. Trust Co., 72 Md. 531, 20 Atl. 194; Union Trust Co. v. Wright (Tenn. Ch. App.) 58 S. W. 755, 52 L. R. A. 469. There can be no possible doubt that the administration of the estate was pending in a court that had jurisdiction. The court could have compelled a probate of the will upon ascertaining its existence. Rev. Stats. 3225.

The statute prescribes the method in which an administration through a will by creditors may be prevented, which is by the payment of the claims, by proof that claims are fraudulent, fictitious, or barred by limitation or by securing the claims. There may be other grounds for contesting such administration, but not on the ground that the executor named in the will cannot propound the will for probate because disqualified from acting as executor.

[7, 8] Not only has it been established by a long line of decisions that corporations may act as executors or administrators, but the statute authorizes the creation of corporations "to act as trustee, assignee, executor, administrator, guardian or receiver, when

designated by any person, corporation or court so to do, and to do a general fiduciary and depository business." Article 1121, subd. 37. Each one of the corporations connected with the estate had been authorized by their charters to perform the duties named in the statute. There can be no question as to the constitutionality of the law. Such a statute is not prohibited expressly or impliedly by the Constitution, and appellants have pointed to no provision of the Constitution with which the law conflicts. Under such circumstances, the law must be sustained. Lytle v. Halff, 75 Tex. 137, 12 S. W. 610; State v. Brownson, 94 Tex. 439, 61 S. W. 114. Every doubt is resolved in favor of the validity of a statute. As quoted in Lewis, Sutherland, Statutory Construction, § 83, from Beach v. Von Detten, 139 Cal. 462, 73 Pac. 187:

"In determining the constitutionality of an act of the Legislature, courts always presume in the first place that the act is constitutional. They also presume that the Legislature acted with integrity, and with an honest purpose to keep within the restrictions and limitations laid down by the Constitution. The Legislature is a co-ordinate department of the government, invested with high and responsible duties, and it must be presumed that it has considered and discussed the constitutionality of all measures passed by it."

The quotation is copied and approved in Railway v. Griffin, 106 Tex. 477, 171 S. W. 703, L. R. A. 1917B, 1108.

[9] There need be no apprehension as to the power of corporations to make affidavits through their officers and agents when such affidavits are required. If unable to make affidavits, they could not even make return of their property for taxation and other affidavits required by statute. Rev. Statutes, arts. 4928–4964. The statute authorizes the making of affidavits by agent or attorney, "whenever, at the commencement or during the progress of any civil suit or judicial proceeding, it may be necessary or proper for any party thereto to make an affidavit." That statute authorizes the corporation to make affidavits by its agent or attorney, and no one has ever challenged the right of the corporation to verify its answers, its applications for change of venue, its pleas of privilege, or applications for continuances through its agent or attorney. The affidavits to inventories, to annual accounts, to reports of sale, to final accounts in the administration of an estate, are no more sacred, and require no more power and authority, than any other affidavit required in any other judicial proceeding. Under the statutes of Texas. the word "person" includes a corporation. Article 5504.

[10] The court, in appointing Barrett temporary administrator, recited sufficient grounds in order to justify the appointment,

and the decree would not be affected by any invalid reason that might have been recited therein. No authority has held otherwise. The authorities cited by appellants have no bearing on the point.

There is no merit in the appeal, and the judgment is affirmed.