234

MARTIN V. B. BOSTETTER, JR. *v.* FAHRNEY-
KEEDY MEMORIAL HOME FOR THE AGED,
INC., Personal Representative of the
Estate of Barbara B. Schnebly

[No. 430, September Term, 1973.]

*Decided February 15, 1974.*

The cause was argued before ORTH, C. J., and MORTON and THOMPSON, JJ.

*Gilbert W. Hovermale* for appellant.

*Edwin H. Miller,* with whom were *Miller & Miller* on the brief. for appellee.

ORTH, C. J., delivered the opinion of the Court.

This case comes to the Court of Special Appeals of Maryland from the Orphans' Court for Washington County. Courts and Judicial Proceedings Article, hereinafter cited as "Courts Art.", § 12-308 (a) (15);[1] Courts Art. § 12-501.[2] The keystone of the questions presented is whether a corporation, not chartered as a trust company, may be granted, and accept the grant of letters as personal

---

**1.** Formerly Code, Art. 5, § 5 C (b) (15).

**2.** Formerly Code, Art. 5, §§ 9 and 10. The only changes made in the Courts Art. are in style. Courts Art. § 12-501 provides: "A party may appeal to the Court of Special Appeals from a final judgment of an orphans' court. However, if the final judgment was given or made in a summary proceeding, and on the testimony of witnesses, an appeal is not allowed under this section unless the party desiring to appeal immediately gives notice of his intention to appeal and requests that the testimony be reduced to writing. In such case the testimony shall be reduced to writing at the cost of the party requesting it." As to the distinction between summary and plenary proceedings see *Barton v. Tabler,* 183 Md. 227; *Stonesifer v. Shriver,* 100 Md. 24; *Biddison v. Mosley,* 57 Md. 89; *Cannon v. Crook,* 32 Md. 482. If it does not appear what testimony, if any, was taken, an appeal will not be dismissed under this section. *Wrightson v. Tydings,* 94 Md. 358. No question has been raised here of the propriety of the appeal.

representative [3] in administrative [4] or judicial [5] probate. It is not a quotidian issue; at least, it seems that it has not been determined heretofore in the appellate courts of this State in the light of the present status of the statutory law.

I

On 7 August 1961 Barbara B. Schnebly executed a last will and testament whereby she appointed Martin V. B. Bostetter as Executor. She directed that all her property be sold and converted into cash and, after the payment of her debts, funeral expenses and a number of pecuniary legacies, bequeathed "All the rest and residue of my estate to the Fahrney-Keedy Memorial Home for the Aged, Inc., Sam Mar, and the Homewood Church Home, Inc., Williamsport Pike, in equal shares absolutely." She died 18 September 1972 without having revoked the will, see Code, Art. 93, § 4-105. On 2 March 1973 the Register of Wills for Washington County, in a cause entitled "In the Matter of the Estate of Barbara B. Schnebly, Deceased," issued an "Administrative Probate Order", pursuant to Code, Art. 93, § 5-301:

> "Upon the foregoing Petition,[6] an appropriate bond having been filed herein, it is this 2nd day of March 1973 ORDERED that Emory P. Draper, President Board of Trustees Fahrney Keedy Memorial Home for the Aged Inc. & Irene Winger [7] be and he is hereby appointed personal

---

3. " 'Personal representative' includes an executor or administrator but not a special administrator." Code, Art. 93, § 1-101 (n). See § 1-101 (r) and § 6-401.

4. See Code, Art. 93, § 5-301.

5. See Code, Art. 93, § 5-401.

6. The Petition is not included in the record submitted to us. The docket entries In the Matter of the Estate of Barbara B. Schnebly, DECEASED, Estate No. 27518, In the Orphans' Court for Washington County, Maryland "include under date of 2 March 1973:

> "Last will and testament admitted to probate, administrative probate order. Renunciation, Petition for probate, Acceptance and consent of Personal Representative."

Only the will and probate order were transmitted to us with the record.

7. An "Irene Wingert," described as a child of Mrs. Joseph B. Young, a deceased sister of the Testator, is a legatee under ITEM 9 of the will.

representative of the estate of Barbara B. Schnebly; and further

ORDERED that the Will accompanying the foregoing Petition be and it is hereby admitted to probate as the Will of the aforenamed decedent."

On 17 May 1973 Martin V. B. Bostetter, Jr. of Alexandria, Virginia, filed a petition for judicial probate. Code, Art. 93, § 5-401. See Code, Art. 93, §§ 5-104, 5-304. He claimed that Fahrney-Keedy Memorial Home for the Aged, Inc. (Fahrney) had been granted Letters of Administration pursuant to § 5-301, and that it "does not have the legal right to serve in the capacity of Personal Representative, since it is a corporation and not authorized pursuant to Maryland law to serve in such capacity." He alleged that he was entitled to grant of Letters of Administration under § 5-104. On the same date the Register of Wills notified all interested persons that the petition for judicial probate, including the appointment of a personal representative, had been filed, and that the petition would be heard on 25 May 1973. Code, Art. 93, § 5-403. Fahrney answered the petition on 22 May, and requested a postponement of the hearing until a Bill it had filed in Equity against Bostetter had been adjudicated,[8] whereupon the Orphans' Court ordered that the hearing on the petition and answer "be postponed until the Circuit Court for Washington County, sitting in Equity #28,428, determines whether or not Fahrney Keedy Memorial Home for the Aged, Inc., is vested with authority to act as Personal Representative of the Estate of Barbara B. Schnebly." The docket entries reflect under date of 22 June 1973, upon petition, the order of 22 May was vacated,[9] and apparently a date of 13 July was set for the hearing with interested

---

8. The answer recited that the Bill alleged that Bostetter had all records of the estate within his knowledge and possession, that he was wrongfully claiming assets of the estate as his own property, and that he wrongfully refused to deliver the assets of the estate to the personal representative. Fahrney denied it had no legal right to serve as personal representative.

9. The docket entries in the Circuit Court for Washington County in Equity No. 28,428 show that an answer was filed to the Bill of Complaint on 7 September 1973. They show no further proceedings.

parties being so notified.[10] It seems that a hearing was held on 13 July before the judges of the Orphans' Court.[11] The docket entries under that date read: "Articles of Amendment of Fahrney Keedy Home for the Aged, Inc.," [12] and in the record transmitted to us is a document entitled "Fahrney-Keedy Memorial Home for the Aged, Inc. Articles of Amendment," stamped as filed 13 July 1973. Attached thereto are certifications of the State Department of Assessments and Taxation that the Articles had been received and approved by the Department on 28 June 1973 at 2:00 P.M. and "will be recorded" and that the "within instrument" was a true copy of the Articles as approved and received. The Articles of Amendment amend the Certificate of Incorporation of Fahrney "by adding one paragraph to Section '(2)' of the Amendment approved in 1960, to be known as '(i)' and to read as follows:

(i) To act in the capacity of executor, administrator or personal representative in any estate administered under the jurisdiction of the Orphans' Court for Washington County, Maryland, in which estate the said Corporation is beneficiary or residuary legatee."

The Articles recite that the amendment was approved by

---

10. The docket entries under date of 22 June 1973 read: "Letters to Interested Persons," but copies of the letters are not included in the record before us.

11. Bostetter and Fahrney so state in their respective briefs. The docket entries do not expressly so show. Code, Art. 93, § 5-404 (a) prescribes a hearing for judicial probate to be a plenary proceeding conducted in accordance with the provisions of § 2-105 (Plenary Proceeding). Section 2-105 provides that issues of fact may be decided by the Orphans' Court or, upon request of an interested party, by a court of law. After determination of the issue, whether by the Orphans' Court or a court of law, the Orphans' Court shall enter an appropriate judgment or decree. Section 5-404 deals further with the conduct of the hearing: "It shall adjudicate the issues raised in such hearing and shall determine the testamentary capacity of the decedent if he died testate. After such hearing the court shall appoint one or more personal representatives and shall, if appropriate, revoke, modify or confirm any action taken at the administrative or any prior judicial probate."

12. The docket entries under date of 13 July 1973 also include the following: "Law Memorandum on Petition for Judicial Probate," and "Memorandum on Hearing," neither of which are in the record before us.

The correct corporate name is "Fahrney-Keedy Memorial Home for the Aged, Inc."

unanimous vote of the Board of Trustees and by the affirmative vote of more than two-thirds of the members of the Corporation. The Articles are dated 26 June 1973, signed in the corporation's name and on the corporation's behalf by its President, the corporate seal is affixed and there is an attestation by its Secretary. There is a certification by a Notary Public that the President acknowledged the Articles to be the corporate act of Fahrney and that the Secretary declared and affirmed that he was the Secretary of the meeting of members of the corporation at which the Amendments were adopted and that the matters set forth in the Articles were true.

Fahrney, under date of 13 July 1973, petitioned the Orphans' Court as follows:

"This, the Petition of Fahrney-Keedy Memorial Home for the Aged, Inc., having been appointed Personal Representative of the Estate of Barbara B. Schnebly on March 2, 1973, prays that the Letters for its appointment as Personal Representative of the said Estate be confirmed and reappointed as Personal Representative of the decedent's Estate."

The Orphans' Court issued a "Judicial Probate Order":

"Upon the foregoing Petition, an appropriate bond having been filed herein, it is this 13th day of July, 1973.

ORDERED that Fahrney Keedy Home for the Aged, Inc.[13] be and he is hereby re-appointed personal representative of the estate of Barbara B. Schnebly reaffirming appointment of March 2, 1973."

The three judges of the court also executed a document entitled "Letters of Administration" reading as follows:

"To all persons who may be interested in the Estate of Barbara B. Schnebly, Deceased:

Administration of the Estate of the Deceased has

---

**13.** According to the Articles of Amendment the correct corporate name is "Fahrney-Keedy Memorial Home for the Aged, Inc." See note 12, *supra.*

been granted on March 2, 1973 to Fahrney-Keedy
Memorial Home for the Aged, Inc., and reconfirmed
and reappointed on July 13, 1973, the Will of the
Deceased having been probated on March 2, 1973.
The appointment is in full force and effect as of this
date."

This document is witnessed by the Register of Wills, and the
seal of the Orphans' Court is affixed. The appeal before us is
stated to be "from the Order entered in this action on July
13, 1973."

## II

We first observe that on the record before us, contrary to
the brief of each party to this appeal, and contrary to the
belief as indicated by all documents filed and proceedings
had subsequent to the Administrative Probate Order of 2
March 1973, that order did not appoint Fahrney-Keedy
Memorial Home for the Aged, Inc. personal representative of
the estate of Barbara B. Schnebly, but appointed Emory P.
Draper (described as "President Board of Trustees Fahrney
Keedy Memorial Home for the Aged Inc.) and Irene Winger
as the personal representatives. In any event, as the
Orphans' Court was empowered under Code, Art. 93, § 5-404
(a), after a hearing on judicial probate, to appoint a personal
representative and revoke any action taken at the
administrative probate, we shall consider that the court
revoke the appointment of the personal representatives as
made at the administrative probate on 2 March 1973 and
that it appointed Fahrney personal representative as of 13
July 1973.[14] We now consider the propriety of this
appointment.

## III

We consider the validity of the order of the Orphans'
Court for Washington County appointing a corporation as
the personal representative of the estate of Barbara B.
Schnebly in the light of the statutory prohibition that "The
Court shall not, under pretext of incidental power or

---

**14.** Although not in its correct corporate name. See note 13, *supra.*

constructive authority, exercise any jurisdiction not expressly conferred." Code, Art. 93, § 2-102 as re-enacted by Acts 1973, First Extraordinary Session, ch. 2, § 4.

We find it to be the clear legislative scheme that, with one exception, only a natural person may be a personal representative of a decedent's estate. Code, Art. 93, § 5-104, designating those to whom letters in administrative or judicial probate may be granted and in what order of priority, subsection (a), delineating those excluded from the grant of letters, subsection (b), spelling out how appointment is to be made within a class entitled to letters, subsection (c), and within different classes, subsection (d), speaks in terms of "persons." [15] "Person" may in some contexts include corporations as artificial beings,[16] and the Rules of Interpretation of the Maryland Code prescribe:

---

**15.** Code, Art. 93, § 5-104 (a) provides:

"In granting letters in administrative or judicial probate, or in appointing a successor personal representative or a special administrator as provided in part 4 of subtitle VI, the court and register shall observe the following order of priority, with all persons in any of the following paragraphs considered as a class:

(1) Executors named in a will admitted to probate;
(2) (a) The surviving spouse and children of an intestate decedent; or (b) the surviving spouse of a testate decedent;
(3) Residuary legatees;
(4) The children of a testate decedent who are entitled to share in the estate;
(5) The grandchildren of the decedent who are entitled to share in the estate;
(6) The parents of the decedent who are entitled to share in the estate;
(7) Brothers and sisters of the decedent who are entitled to share in the estate;
(8) Other relations of the decedent who apply for administration;
(9) The largest creditor of the decedent who applies for administration;
(10) Any other person having a pecuniary interest in the proper administration of the decedent's estate who applies for administration;
(11) Any other person."

It is patent that those in order of priority nos. (2), (4), (5), (6), (7), and (8) could only be natural persons.

**16.** "Persons also are divided by the law into either natural persons, or artificial. Natural persons are such as the God of nature formed us; artificial are such as are created and devised by human laws for the purposes of society and government, which are called corporations or bodies politic." 1 Blackstone, *Commentaries on the Laws of England* (Lewis) 108* 123.

"The word person shall include corporation, unless such a construction would be unreasonable." Code, Art. 1, § 15. "But if such construction is without the clear meaning and intention of the Legislature it would be *unreasonable* to so include it. And although the rule is to be followed in some cases it cannot override the *clear intention* of the Legislature." *State Tax Comm'n v. Harrington*, 126 Md. 157, 168. See *Shehan v. Tanenbaum, Son & Co.*, 121 Md. 283, 286.

At common law a corporation had no power to act as executor or administrator.[17] *German-American Bank of Baltimore v. May*, 132 Md. 422, 423. See Sykes, *Maryland Practice*, Probate Law and Practice, vol. 1, § 316. In *Georgetown College v. Browne*, 34 Md. 450, it was held that a corporation could not become an executor, administrator or exercise other judiciary powers, unless by special and express grant or by legislative power conferred upon it. Art. III, § 48, Constitution of Maryland, provides, in relevant part: "Corporations may be formed under general laws, but shall not be created by special Act, except for municipal purposes and except in cases where no general laws exist, providing for the creation of corporations of the same general character, as the corporation proposed to be created; and any act of incorporation passed in violation of this section shall be void." In *Reed. v. Baltimore Trust & Guarantee Co.*, 72 Md. 531 (1890), a bill for an injunction was filed to restrain the Baltimore Trust & Guarantee Co. from acting, among other things, as an executor, administrator, or in any other fiduciary capacity. The bill alleged that the charter of the corporation authorizing it to exercise such duties was unconstitutional and void. The company had been incorporated by a special act of the General Assembly but at the time there was a general law providing for the creation of trust companies. The Court held that the charter was not void because there was no provision of the general law for the formation of corporations with powers similar to those granted Baltimore Trust & Guarantee Co. under the special

---

17. Blackstone said of the privileges and disabilities of a corporation: "It cannot be executor or administrator, or perform any personal duties; for it cannot take an oath for the due execution of the office." I *Commentaries on the Laws of England* (Lewis) 456* 477.

act. "Hence, there was no way by which such corporate rights and powers could have been conferred, except by a special Act of the Legislature." It concluded that a trust company formed under the general incorporation laws of the State "would be powerless to exercise such corporate powers and rights as were granted and conferred to this company by the special Act of the Legislature, because those special rights, powers and franchises could not be brought within the provisions of the general statute, or granted and conferred under the general incorporation law of the State." 72 Md. at 535. The Court of Appeals, citing *Lazear v. Nat. Union Bank*, 52 Md. 124, applied the well-settled law that "a corporation has no other powers than such as are specifically granted or such as are necessary for the purpose of carrying into effect the powers expressly granted," in *German-American Bank of Baltimore v. May, supra*, in holding that the bank could not act as an executor. It had been incorporated by a special act of the General Assembly in 1872 and claimed that the right to act as executor was derived from and conferred by that charter. The Court found, under the established rule of strict construction of corporate charters, that the charter did not confer the right. "While the Act of 1872, incorporating the appellant bank confers the power 'to accept and hold all such trusts', it nowhere in express terms confers the power to accept the office and appointment of executor." [18] 132 Md. at 425.

The general law of Maryland, as in effect today, confers upon one type of corporation the power to act as a personal representative of a decedent's estate. Trust companies, incorporated and operated pursuant to Code, Art. 11, §§ 53-61, inclusive, expressly possess the power "To be appointed and to accept the appointment of executor or of trustee under the last will and testament, or administrator, with or without the will annexed, of the estate of any deceased person, * * *." Code, Art. 11, § 57 (k).[19]

---

[18] The Court explained, at 425: "Manifestly, 'An Executorship,' is a trust, and recently this power has been granted to many of the banking and trust companies of the State, but an examination of the statutes, incorporating these banks, will show, that the power to act as executor, administrator, etc., was expressly granted by the statutes creating the corporation or by subsequent special statutes, passed for this purpose."

[19] Thus, under the Maryland constitutional prohibition, Art. III, § 48, a

Code, Art. 11, § 58, provides in relevant part:

"When any such corporation [trust company] is appointed executor in any last will and testament, the court or officer authorized to grant letters testamentary in this State shall, upon the proper application, grant letters testamentary thereon to such corporation. When application is made to any court or officer having authority to grant letters of administration with the will annexed upon the estate of any deceased person, and there is no person entitled to such letters who is qualified, competent,

---

trust company with power to act as a personal representative may no longer be created by special act. *Brooks v. State Bd. Funeral Dirs. & Embalmers*, 233 Md. 98; *Hagerstown and Cross Roads Tpk. Co. v. Evers*, 130 Md. 8.

The history of the general law concerning trust companies follows a tortuous path. As early as 1876 a general law was enacted which included provisions for the creation of trust companies, Acts 1876, ch. 269, codified as Art. 23, § 29. Apparently in the wake of *Reed v. Baltimore Trust & Guarantee Co.*, *supra*, the Legislature repealed that law, Acts 1890, ch. 272, declaring in the preamble:

"WHEREAS, since the passage of the act of eighteen hundred and seventy-six, chapter two hundred and sixty-nine, a portion of which is embodied in section twenty-nine, class sixteen, of article twenty-three, of the Code of Public General Laws, it has been found that trust companies and guarantee companies of the kinds which now exist, could not be formed under it with the powers requisite for such corporations, by reason of the indefiniteness and incompleteness in that respect of the said act, which does not provide for the creation of corporations of the same general character as those which now exist as aforesaid, and it has therefore been necessary for the General Assembly from time to time to incorporate such companies by special act; and

WHEREAS, it is proper that such trust companies and guarantee companies, and also trust companies and guarantee companies of every kind should be incorporated by special acts, and at the discretion of the General Assembly; * * * ."

Trust companies were omitted in the re-enactment of the law, leaving only "savings institutions" which could be created under class 16. But in 1910, the creation of trust companies was again put in the general law, Acts 1910, ch. 219. However, the statute was not codified under Article 23, relating to corporations generally, but under Art. 11, entitled "Banks and Trust Companies." The law gave the power to trust companies to act as a personal representative in the exact language as is today in effect in § 57 (k).

It is stated in the Comment to Art. 93, § 5-104 that "The issuance of letters cum testamento annexo * * *, or letters de bonis non * * *, are not recognized in this Article, the designation of special types of administration is not necessary or useful." Code, Art. 11, § 57 (k), was not changed to reflect this view. The Comment also points out that the term "personal representative" as used in the statute, includes, by definition, the terms executor and administrator.

willing and able to accept such administration, such court or officer may, as the request of any party interested in the estate, grant such letters of administration, with the will annexed, to any such corporation. * * * Any court having jurisdiction to appoint a trustee, guardian, receiver or committee of the estate of a lunatic, idiot or habitual drunkard, or to make any fiduciary appointment, may appoint any such corporation to be such guardian, trustee, receiver or committee, or to act in any other fiduciary capacity." [20]

We have no difficulty whatsoever in determining that the clear meaning and intent of the Legislature was that a corporation chartered under and subject to the provisions of Code, Art. 23, be it a stock corporation, a non-stock corporation, or a particular class of corporation therein authorized, may not be granted letters in administrative or judicial probate nor be appointed a successor personal representative or special administrator, and has no power or authority to act in such capacity. We conclude that such a corporation is not a person within the contemplation of Code, Art. 93, § 5-104. This is the inescapable import of the common law, the statutes, and the case law.[21]

---

**20.** This language is identical with the language in the statute as originally enacted by Acts 1910, ch. 219, § 46.

In the Comment to § 5-104 of Art. 93, see note 15, *supra*, it is said: "The provisions of subsections (a) (1) and (a) (11) are consistent with § 58 of Article 11 authorizing the appointment of a trust company as a personal representative." The term personal representative includes, by definition, the terms executor and administrator. Code, Art. 93, § 1-101 (n).

Blackstone, as we pointed out in note 17, *supra*, said that a corporation could not be executor or administrator because it cannot take an oath for the due execution of the office. Code, Art. 11, § 59 provides: "Upon the appointment of such corporation as executor, administrator, guardian, trustee, receiver or committee, as provided by this article, no official oath shall be required from such corporation or trust company."

We observe that when the Legislature meant to include an artificial person in other provisions of Art. 93, it explicitly so stated. For example, in § 4-301 it said: "Any individual, firm, trust, partnership, unincorporated association, corporation, or any governmental body may be a legatee." We also observe that "No 'banking institution' as defined in § 63 of Article 11, serving as a personal representative shall be required to give a bond." Code, Art. 93, § 6-102. Section 63 of Art. 11 includes "trust companies", but does not include a business corporation.

**21.** For the right of national banks to act as executor or administrator see 12 U.S.C. § 92 a.

"Discretion is very sparingly confided [to an Orphans' Court], and whenever conferred, it is given in express terms, and in very restricted cases." *Georgetown College v. Browne, supra,* at 458. We hold that the Orphans' Court for Washington County had neither power nor discretion to appoint Fahrney-Keedy Memorial Home for the Aged, Inc. personal representative of the estate of Barbara B. Schnebly, and that its orders making such appointment are null and void. So there may be no misunderstanding, we vacate the orders.

Fahrney claims that it was given the power to act as personal representative by the amendment to its charter which was approved by the appropriate State agency. The short answer to the arguments advanced by it on this premise is found in Code, Art. 23, § 10: "Any corporation of this State may, from time to time, amend its charter in any and as many respects as may be desired, provided that (1) any such amendment shall contain only such provisions as might, at the time of such amendment, be lawfully contained in articles of incorporation, * * *." The proviso defeats the claim.

We remand the case with direction to the Orphans' Court for Washington County to conduct a proceeding in judicial probate and appoint a personal representative of the estate of Barbara B. Schnebly, deceased, pursuant to Code, Art. 93, § 5-104, as construed in this opinion.

> *Administrative probate order of 2 March 1973 vacated; judicial probate order of 13 July 1973 vacated; undated document entitled "State of Maryland, letters of administration", declaring the appointment of Fahrney in full force and effect, voided; case remanded for further proceedings in accordance with this opinion; costs to be paid by Fahrney-Keedy Memorial Home for the Aged, Inc., individually.*